# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2025

Lyle W. Cayce
Clerk

No. 25-10648
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Clemente Castillo-Zamudio,

*Defendant—Appellant*.

───────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-313-1

───────────────────────────

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Clemente Castillo-Zamudio appeals his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the application of the enhanced penalty range in § 1326(b) is unconstitutional because it allows a sentence above the § 1326(a) statutory maximum based on a prior conviction not alleged in the indictment or found by a jury.

─────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10648

He concedes that *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), forecloses his argument. *See Erlinger v. United States*, 602 U.S. 821, 838 (2024). He raises the issue to preserve it for further review. The Government moves for summary affirmance or, alternatively, for an extension of time to file a brief. Castillo-Zamudio takes no position on the Government's motion.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.